RECEIVED
IN ALEXANDRIA, LA.

JUL 2 1 2010

TONY R. MOORE, CLERK
BY_____
                DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BILLY VICE | : | DOCKET NO. 10-266 |
| VS. | : | JUDGE TRIMBLE |
| SGARLATO MED LLC, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Defendant Abbott Laboratories' and Hospira, Inc.,'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. Pr. 12(b)(6)" ( R. #11) wherein defendants, Abbott Laboratories and Abbott Laboratories, Inc. (collectively referred to as "Abbott") and Hospira, Inc. ("Hospira") seek to have the claims asserted against them dismissed because they are time barred on the face of the Complaint under Louisiana's applicable prescriptive periods of limitation. Also before the court is a "Rule 12(C) Motion for Judgment on the Pleadings" ( R. #15) filed by defendant, B.Braun Medical, Inc. and/or B. Braun Medical USA, Inc. ("Braun") who also seeks judgment in its favor dismissing with prejudice all claims because the claims asserted against it are time barred.

### FACTUAL STATEMENT

Plaintiff makes the following relevant allegations in his complaint: On December 18, 2000, after undergoing surgery to his right shoulder, Plaintiff, Billy Vice, had a Sgarlato "pain pump" implanted into his shoulder by his orthopedic surgeon.[1] The pain pump injected .5% Marcaine into

---

[1] Complaint, R. #1, ¶ 13.

his shoulder joint on a continuous basis following the surgery.[2] Plaintiff alleges that the continuous injection of such medications over time directly into the shoulder joint resulted in serious and permanent damage to the cartilage of the shoulder joint caused by a narrowing of the joint space and/or a condition called "Chrondrolysis."[3] Plaintiff asserts that even though it is not possible to pinpoint the exact moment of the injury, he believes it occurred on or shortly after the administration of aesthetics via the post-operative pain pump following his surgery on December 18, 2000.[4]

Defendants, Sgarlato Med, LLC f/k/a/ Sgarlato R.P., Inc. d/b/a Sgarlato Laboratories, Inc. ("Sgarlato"), B. Braun Medical, Inc. ("Braun"), and Moog, Inc. "("Moog"),[5] the alleged manufacturers of the pain pump are the "Paint Pump Defendants." Defendants, Hospira, Inc. ("Hospira"), Abbott Laboratories and Abbott Laboratories, Inc., (collectively referred to as "Abbott") are alleged to be the manufacturers of the Marcaine drug used in connection with the pain pump and are referred to as the "Drug Defendants."

Plaintiff has asserted causes of action under products liability[6] and redhibition against these defendants. Plaintiff alleges that any applicable prescription statutes have been tolled by the knowing and active concealment and denial of material facts known by the defendants. Plaintiff further alleges that he had neither actual nor constructive knowledge of defendants' tortuous conduct, the resulting damages and the causal link between the two until the end of February 2009. Thus, any

---

[2] Id.

[3] Id. at ¶ 16.

[4] Id. at ¶ 14.

[5] Moog was voluntarily dismissed without prejudice on May 17, 2010 ( R. #5).

[6] Louisiana Products Liability Act ("LPLA").

2

applicable prescription periods under the LPLA have been tolled.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[7] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[8] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[9] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[10] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[11] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[12] "[T]he complaint must contain either direct allegations

---

[7] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curiam) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

[8] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[9] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[10] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[11] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[12] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[13]

## LAW AND ANALYSIS

Defendants maintain that plaintiff's claims under the LPLA are prescribed on the face of the complaint. Defendants remark that plaintiff is seeking recovery for an injury that occurred as a result of a shoulder surgery performed in December 2000 – nearly ten years ago. Plaintiff concedes that "in all likelihood the injury occurred on or shortly after the administration of anesthetics via the post-operative pain pump following his surgery on December 18, 2000."[14]

Louisiana Civil Code article 3492 provides a one-year prescriptive period for all tort actions which commence to run from the day injury or damage is sustained. A plaintiff bears the burden to prove an exception to prescription.[15] The rule of prescription is subject to the discovery rule of *contra non valentem agere nulla currit praescriptio,* which suspends the running of prescription during the period in which the cause of action was not known by or reasonably knowable by the plaintiff.[16] The Louisiana Supreme Court has clarified its application of *contra non valentem* and held that prescription begins to run, not at the earliest possible indication that the plaintiff may have suffered some wrong, but rather when the plaintiff has a reasonable basis to pursue a claim against

---

[13] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[14] Complaint, ¶ 14.

[15] Tatum v. American Red Cross, 2007 U.S. Dist. LEXIS 82010, *3 (W.D. La. November 5, 2007); Romano v. Merrill Lynch, 638 F. Supp. 269, 272 (E.D. La. 1986).

[16] Harlan v. Roberts, 565 So.2d 482 (La.App.2d Cir. 1990), *writ denied,* 567 So.2d 1126 (La.1990).

a specific defendant.[17] *Contra non valentem* is an exceptional remedy recognized by our jurisprudence which is in direct contradiction to the articles in the Civil Code and therefore should be strictly construed.[18] A plaintiff bears the burden of proving that the doctrine of *contra non valentem* should be applied to interrupt or suspend the running of prescription.[19]

Plaintiff argues that the prescriptive period should be tolled by the "discovery rule" and/or "fraudulent concealment."[20] Plaintiff contends that defendants' motion to dismiss is premature because the allegations in plaintiffs complaint, taken as true and viewed in the light most favorable to plaintiff, are sufficient to at least raise a "reasonable expectation" that discovery will reveal that the defendants fraudulently concealed material facts about the dangers of using their drugs to infuse shoulder joints and/or that plaintiff did not and could not have known of the connection between the defendants' wrongful conduct and his injury.

Plaintiff requests that the motion to dismiss either be denied or continued to (1) enable depositions and/or other discovery to be undertaken so plaintiff has a reasonably opportunity to develop proof that the limitations period was tolled by fraudulent concealment and/or the discovery rule, and (2) give plaintiff the opportunity to amend his complaint to move fully articulate when he discovered his cause of action, the circumstances of his discovery, why he was unable to discover it within the limitations period, and the extent of defendants' fraudulent concealment.

---

[17] Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987).

[18] Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979); Harsh v. Calogero, 615 So.2d 420 (La.App. 4th Cir. 1993)

[19] Touchet v. Baker Hughes, Inc., 737 So.2d 821 (La.App.3d Cir. 1999); Matthews v. Sun Exploration & Prod. Co., 521 So.2d 1192, 1197 (La.App.2d Cir. 1988).

[20] Complaint, ¶ 20-24.

In his complaint, plaintiff alleges that he did not have actual or constructive knowledge of of the Pain Pump Defendants' or Drug Defendants' tortious conduct, the resulting damages and the causal link between the two until the end of February 2009. Plaintiff further alleges that defendants fraudulently concealed material facts without any fault or lack of diligence on plaintiff's part. The court agrees with defendants that these allegations are merely conclusory. Plaintiff does not allege any facts as to why he did not make the discovery until February 2009, and or the specifics as to how defendants fraudulently concealed their tortuous conduct. Absent such factual allegations, plaintiff's conclusory allegations are insufficient to survive a Rule 12(b)(6) motion.

Plaintiff seeks time for discovery to reveal that defendants fraudulently concealed material facts about the dangers of using their drugs and the pain pump. Plaintiff also requests that he be allowed to amend his complaint to more fully articulate when he discovered his cause of action, the circumstances of his discovery, and why he was unable to discover it within the limitations period. "Under the Discovery Rule, prescription is suspended until the plaintiff knows or should know of the damage, the wrongful act and the connection between them."[21]

Plaintiff also submits that defendants have not field a responsive pleading, only the instant motion to dismiss. The court has reviewed the record and notes that defendant, Braun, filed an answer on June 1, 2010.[22] Plaintiff cites Federal Rule of Civil Procedure 15(a)(1) which provides that a party may amend his pleadings once as a matter of course before being served with a responsive pleading. Plaintiff argues that Rule 7(a) and (b) of the Federal Rules of Civil Procedure dictates that motions are not pleadings. Plaintiff cites Domino Sugar Corp. v. Workers Local Union

---

[21] Acosta v. Campbell, 744 So.2d 112, 115 (La.App. 4th Cir. 1999).

[22] ( R. #7)

392.[23] in support of his position that he has a right to amend the complaint because the complaint has not yet evoked a responsive pleading.

The instant case is in its infancy, and the court agrees that plaintiff has the right to amend his complaint because an answer has not been filed by the defendants, other than Braun. Accordingly, the court will allow plaintiff to conduct the relevant discovery after which he may amend his complaint to correct the deficiencies noted by the undersigned. However, failure to allege sufficient facts to allege what diligent efforts he took, and/or the reasons why the discovery was not made earlier will be fatal to plaintiff's claims. Furthermore, plaintiff's allegations of fraudulent concealment must be plead with specificity,[24] otherwise they too are subject to dismissal.

## CONCLUSION

For the reasons set forth above, the motion to dismiss and the motion for judgment on the pleadings will be denied at this time, and plaintiff will be allowed time for further discovery and to amend his pleading.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of July, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[23] 10 F.3d 1064, 1068 n.1 (4th Cir. 1994) citing Rule 15(a) and United States v. Newbury Mfg. Co., 123 F.2d 453 (1st Cir. 1941).

[24] See F.R.C.P. 9(b); Romano v. Merrill Lynch, 638 F.Supp. 269, 272 (E.D. La. 1986).